John Ruskin Richards v. Commissioner.
Richards v. Commissioner
Docket No. 40928.
United States Tax Court
T.C. Memo 1954-240; 1954 Tax Ct. Memo LEXIS 6; 13 T.C.M. (CCH) 1191; T.C.M. (RIA) 54345; December 30, 1954, Filed *6 George O. Philips, Esq., for the petitioner. George J. Rabil, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $74,041.72 in income tax for 1947. The issues for decision are whether income of a partnership is taxable to the petitioner instead of to his wife and whether a loan to his brother and wife became worthless in 1947. Findings of Fact The petitioner filed his individual return for 1947 with the collector of internal revenue for the twenty-third district of Pennsylvania. The petitioner was employed for many years by Steel City Electric Company and by 1942 was earning between $38,000 and $45,000 as sales manager. The petitioner, prior to December 1942, had had numerous contacts with and had advanced money to Samuel Squiller, who owned a patent for a vacuum and air pump. They consulted a lawyer in 1942 in regard to their business relationship. He suggested that they form a partnership but the petitioner objected because of the possible adverse effect upon his position with Steel City. Squiller was then doing business under the name of Thepitt Manufacturing Company and had assets in *7 that business worth $4,400. They agreed that Squiller would give his note for $2,200 to the petitioner, the petitioner would give the note to Ann Eliza Richards, his wife, Ann would surrender the note to Squiller, and Squiller would transfer his business and assets to a partnership in which he and Ann would be equal partners but which would not use the Richards name. That agreement was carried out and a written partnership agreement dated December 31, 1942, was executed by Squiller and Ann. The partnership operated a machine shop producing shell parts and other war material. Squiller managed the business. Ann, who had had some business experience, performed no services for the business except to look over accounts payable, to discuss any proposed large purchases, to urge better record keeping and to sign checks jointly with Squiller beginning in 1947. The petitioner had no connection with the partnership during 1943 and 1944. He resigned from Steel City on January 15, 1945, because of his health but, in order to occupy his time, he took employment with the partnership in April 1945 as a salesman, under Squiller, at a salary of $125 per week. His salary was increased to $200 per *8 week. He made loans of $3,000 and $5,000 to the partnership for short periods in 1944 and 1946. The partnership paid him $2,200 on April 22, 1946. He started a business of his own in 1946, buying and selling electrical goods, and when it began to compete with the partnership in the latter part of the year, he resigned as an employee of the partnership on December 31, 1946, and devoted his full time to his own successful business. Ann withdrew from the partnership only enough to pay her income taxes and $100 for her personal use, prior to 1947. The earnings were needed in the business. Squiller was paid a "salary" of $100 per week which was increased to $125 and finally to $200 per week. The following table shows the distributive shares of the partners, after "salary" to Squiller, and Ann's income tax payments: Amount of in-
Each partner's
come tax on
distributive
share of Ann
share
Eliza Richards
1943
$ 7,262.42
$ 1,450.00
1944
21,694.62
1,432.11
1945
28,998.75
10,139.79
1946
42,741.95
12,495.00
1947
93,018.96
20,015.94
Total
$193,716.70
$45,532.84
The partners divided the assets and dissolved the partnership in November 1947. *9 Ann received the following from the partnership during 1947: Income tax payment for 1947
$ 55,233.34
Cash
46,723.36
Land and buildings, Pittsburgh
3,649.46
Machinery and inventory, sold by
her to the petitioner at
49,600.87
Total
$155,207.03
Less: Payment in connection with
dissolution
6,975.35
Net amount received
$148,231.68
The petitioner purchased the machinery and inventory items from his wife and went into a new business in order to use them and realize their worth. He gave his note in payment and it was later paid. The Commissioner, in determining the deficiency, added $93,620.74 to the petitioner's income and explained: "It is determined that your wife, Ann Eliza Richards, should not be recognized as a partner in Thepitt Manufacturing Company and that income of $93,018.96 from that source which was reported in her individual income tax return for the calendar year 1947 should be included in your gross income for Federal income tax purposes." The petitioner was not a partner in the Squiller business and was not entitled to receive and did not receive any of the net earnings of that business and no part of its distributable earnings for 1947 *10 was his income. The petitioner and Ann loaned money to the petitioner's brother William and Alma, his wife, as follows: Date
Advanced by
Amount
Jan. 15, 1943
Ann Eliza Richards
$ 300.00
Jan. 15, 1943
Ann Eliza Richards
200.00
Jan. 18, 1943
John Ruskin Richards
781.32
Jan. 18, 1943
John Ruskin Richards
384.21
Jan. 18, 1943
John Ruskin Richards
300.00
Jan. 18, 1943
John Ruskin Richards
288.03
$2,253.56
William and Alma gave the petitioner and Ann their demand note for $2,200 on January 15, 1943. The debtors paid approximately $1,000 on account up to April 1, 1944, and thereafter made no further payments. The petitioner made no effort to collect the balance during 1944, 1945 and 1946 and had no intention of suing for its recovery. William had no property but was employed during a part of that time. The balance due on the debt did not become a worthless debt during 1947. The petitioner deducted $601.78 on his return for 1947 as "loss on worthless note". The Commissioner, in determining the deficiency, disallowed that deduction as an alleged bad debt. Facts stipulated are incorporated herein by this reference. Opinion MURDOCK, Judge: *11 The Commissioner argues that Ann did nothing to earn one-half of the partnership income and it should be taxed to the petitioner. She did little, to be sure, but the petitioner did nothing for the partnership during 1947. He was fully compensated by his salary for all he did while employed as a salesman for the partnership. He was even repaid the amount of Squiller's note. The Commissioner advances no sound argument for taxing one-half of the 1947 partnership income to the petitioner and the evidence not only does not support his determination on this point but shows that it was erroneous. Clifford R. Allen, Jr., 12 T.C. 227. The petitioner has failed to sustain his burden of proof on the bad debt issue. Decision will be entered under Rule 50.